IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROLAND RIVERA,

    Plaintiff,

v.                                                                  Case No. 1:24-cv-00718 LF-JMR

THE HOME DEPOT, INC.;
NICK HERRERA; and DOE
DEFENDANT 1,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND**

THIS MATTER comes before the Court[1] on plaintiff Roland Rivera's Motion to Remand, filed July 18, 2024. Doc. 3. Mr. Rivera argues that this Court lacks subject matter jurisdiction because complete diversity is not present. *Id.* Defendants argue that defendant Nick Herrera was fraudulently joined in an attempt to defeat removal, and that the Court may disregard the Doe defendant in determining whether complete diversity exists. *See* Doc. 13. Having reviewed the parties' submissions and the applicable law, this Court grants the motion in part and denies it in part as described below.

BACKGROUND

Mr. Rivera alleges that he was injured at a Home Depot store located at 200 Eubank Boulevard SE in Albuquerque, New Mexico. Doc. 1-1 at 1–2. Specifically, he claims that on December 2, 2021, an employee of that store (Doe Defendant 1) dropped hardwood lumber onto Mr. Rivera's feet, causing injuries. *Id.* at 2. Mr. Rivera filed suit in state court against the

---

[1] The parties consented to my conducting all dispositive proceedings in this matter, including motions and trial, and to enter a final judgment. *See* Docs. 8, 9, 11.

unknown employee ("Doe Defendant 1"), his manager Nick Herrera, and The Home Depot, Inc. ("Home Depot"), asserting claims of 1) general negligence against all defendants; and 2) negligent hiring, training, supervision, and retention by Mr. Herrera and Home Depot. *Id.* at 1, 3–4.

On July 12, 2024, Home Depot removed the case to this Court. Doc. 1. Mr. Rivera now moves to remand it based on a lack of diversity jurisdiction. Doc. 3. The parties agree that Mr. Rivera is a New Mexico resident, and that Home Depot is a foreign corporation. *See* Doc. 1-1 at 1; Doc. 13 at 1. The parties also agree that Nick Herrera is a New Mexico resident, but they dispute whether he is a proper defendant. *See* Doc. 3 at 5; Doc. 13 at 4.

## LEGAL STANDARD

Section 1332 of Title 28, United States Code governs federal courts' exercise of diversity jurisdiction. For purposes of this case, diversity exists if "no plaintiff and no defendant are citizens of the same state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Additionally, the amount in controversy must exceed $75,000. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (relying on 28 U.S.C. § 1332). Because diversity jurisdiction relies on the identity and citizenship of the parties, plaintiffs sometimes add a defendant improperly for jurisdictional purposes rather than because a valid cause of action exists against that defendant. If a defendant alleges fraudulent joinder, it is up to that defendant to demonstrate that the plaintiff would be unable to establish a cause of action against the defendant in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (also noting that the removing party may establish fraudulent joinder by demonstrating "actual fraud in the pleading of jurisdictional facts").

## ANALYSIS

The Court must address two issues. The first is whether Mr. Rivera fraudulently joined Mr. Herrera as a defendant, an issue on which the party asserting fraudulent joinder—here, the defense—bears the burden. *See Dutcher*, 733 F.3d at 988. The second is whether the unknown employee, Doe Defendant 1, can defeat diversity jurisdiction based on the likelihood that he is a New Mexico resident. The burden of proving that diversity jurisdiction exists falls to the party asserting jurisdiction—here, Mr. Rivera. *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 532 (10th Cir. 2022).

### I.     Fraudulent Joinder

Defendants argue that Mr. Herrera was fraudulently joined in an attempt to defeat removal. Doc. 13 at 4. They claim that Mr. Herrera had no legal duty to hire, retain, train, or supervise Home Depot employees, and that he is not an employee of Defendant Home Depot, but rather, he and all other employees at the store in question were employed by nonparty Home Depot U.S.A., Inc. *Id.* at 5–6. Mr. Rivera responds that case law permits a plaintiff injured at a commercial business to sue the manager for negligence. Doc. 14 at 2. Additionally, because discovery has not yet commenced, Mr. Rivera relies on a Home Depot job posting seeking a store manager to demonstrate that the role includes the duty to "[t]each, coach, and train . . . store leadership teams on creating a safe working environment and a culture of operational excellence." *Id.* at 3; Doc. 14-1 at 2.

The Court must determine whether there is any possibility that Mr. Rivera could prevail on his causes of action against Mr. Herrera in state court. The causes of action against Mr. Herrera are 1) negligence and 2) negligent hiring, training, supervision, and retention. Doc. 15-2 at 3. There is no allegation that Mr. Herrera was involved in the incident itself or even that he

3

was present in the store on the day it occurred; rather, Mr. Rivera argues that Mr. Herrera had a duty to train his employees in safe customer assistance and ensure his employees were supervised even in his absence. Doc. 3 at 6–7. The elements of a negligence claim under New Mexico law are duty, breach, causation, and damages. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 73 P.3d 181, 185–86. The elements of a negligent hiring, supervision, or retention claim are that 1) the defendant was the employee's employer; 2) the defendant knew or should have known that his conduct would create an unreasonable risk of injury to a group or class including the plaintiff; 3) the defendant failed to use ordinary care in hiring, retaining, or supervising the employee; and 4) the defendant's negligence in hiring, retaining, or supervising was a cause of the plaintiff's injury. UJI 13-1647.

Many of these issues are not yet fully established. For example, the exact scope of Mr. Herrera's duties as a manager is unclear at this juncture. However, the possibility remains open that he holds a duty to maintain safe premises and train other employees to do the same. The burden is on the defense to demonstrate that Mr. Rivera would be unable to prevail against Mr. Herrera in state court. *Dutcher*, 733 F.3d at 988; *see also id.* (in fraudulent joinder analysis, "all factual and legal issues must be resolved in favor of the plaintiff"). The defense points to the holes in Mr. Rivera's argument, but Mr. Rivera does not carry the burden on this issue. *See* Doc. 13 at 5–6. Mr. Rivera raises the possibility that Mr. Herrera did have a duty, as a manager, to maintain a safe working environment for employees and customers. *See* Doc. 14-1 at 2. Additionally, as Mr. Rivera cites, ample case law from this district retains defendant store managers in the face of fraudulent joinder arguments. *See* Doc. 14 at 2–3 (citing *Satterlee v. Albertsons, LLC*, No. 1:12-cv-00019-JB-KBM, 2012 U.S. Dist. LEXIS 197392 (D.N.M. Oct. 22, 2012); *Romero v. Circle K Stores, Inc.*, No. 1:17-cv-00517-WJ-SCY, 2017 U.S. Dist. LEXIS

111025 (D.N.M. July 18, 2017); *Paduano v. Al Eng'rs, Inc.*, No. 1:20-cv-00859-KWR-KK, 2020 U.S. Dist. LEXIS 200604 (D.N.M. Oct. 28, 2020); *Chavez v. Dollar Tree, Inc.*, No. 1:20-cv-01097-KWR-SMV, 2021 U.S. Dist. LEXIS 27259 (D.N.M. Feb. 12, 2021)). Defendants have not carried their burden to demonstrate that the case against Mr. Herrera *must* fail in state court.

Accordingly, the Court finds that the defense's fraudulent joinder claim cannot succeed. Although further evidence may clarify whether the claims against Mr. Herrera will stand, the current ambiguities leave open the possibility that Mr. Rivera could prevail.

## II.     Doe Defendant 1

Mr. Rivera argues that although Doe Defendant 1's identity is currently unknown, it is highly likely that he is a New Mexico resident given that he works in Albuquerque. Doc. 3 at 8. True as this may be, the Tenth Circuit has held that the citizenship of Doe defendants "should be disregarded when considering the propriety of removal under 28 U.S.C. §§ 1441(a) and 1332." *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006). As a result, the Court will not consider the citizenship of Doe Defendant 1 at this stage. However, Mr. Herrera's citizenship is sufficient to destroy diversity.

## III.    Fees

In the event of remand, Mr. Rivera requests "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). Doc. 3 at 8. The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the question of whether Mr. Herrera was a proper defendant was an objectively reasonable one, even though the Court ultimately concluded that his joinder was not fraudulent.

At this stage, it remains unclear whether the claims against Mr. Herrera will pan out given present ambiguities over his job duties; Defendants' doubts about the propriety of his joinder were reasonable. For that reason, the Court will not award fees.

## CONCLUSION

Because Defendants cannot establish fraudulent joinder at this junction, Mr. Herrera is a valid defendant to the lawsuit and diversity of citizenship does not exist among the parties. As a result, the case must be remanded. The Court GRANTS Mr. Rivera's Motion to Remand (Doc. 3) with regard to the question of remand but DENIES it as to an award of fees.

It is so ordered.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent